UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE No. 1:20-CV-24158-REID

JENIFER GUITERREZ-ZAPATA
and other similarly situated individuals,

Plaintiff,

vs.

CLICK MAIL CORP, DIEGO FERREIRA and
LINDA FERREIRA,

Defendants.
_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT OF FLSA CLAIMS**
**AND STIPULATION FOR DISMISSAL WITH PREJUDICE**

Plaintiff, JENIFER GUTIERREZ-ZAPATA ("Plaintiff"), and Defendants, CLICK MAIL CORP., DIEGO FERREIRA and LINDA FERREIRA ("Defendants"), (Plaintiff and Defendants are collectively, the "Parties") by and through their undersigned counsel and pursuant to the Federal Rules of Civil Procedure, hereby move the Court for approval of the Settlement Agreement that settles Plaintiff's Fair Labor Standards Act claims arising under 29 U.S.C. §§ 201 *et seq.*, and stipulate to the dismissal of all claims raised in the instant Action, *with prejudice* (the "Joint Motion").

1. On October 11, 2020, Plaintiff filed her Complaint against Defendants in this action asserting claims for alleged unpaid overtime wage claim arising under the Fair Labor Standards Act (FLSA), (the "Action"). ECF No. 1.

2. Defendants deny any wrongdoing under the FLSA and maintain that Plaintiff was properly compensated. However, to avoid the costs and uncertainty of litigation, the Parties have negotiated a settlement in this matter. Specifically, the Parties entered into Settlement Agreement,

1

Waiver and Release (the "Settlement Agreement"), whereby all the pending claims in this cause have been fairly and fully resolved. A true and correct copy of the Settlement Agreement is attached hereto as Exhibit A.

3. Pursuant to Eleventh Circuit precedent, judicial review and approval of a compromise of a Plaintiff's FLSA claims provides final and binding effect. *See Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). To this end, Plaintiff and Defendants have at all times been represented by competent counsel experienced in the litigation of FLSA claims and the foregoing represents a reasonable compromise of Plaintiff's FLSA claim in light of the potential of Plaintiff obtaining no recovery on her FLSA claim. Likewise, Defendants are limiting the expenses associated with further litigation of Plaintiff's FLSA claim if their defense of Plaintiff's FLSA claim was to have continued in this Action. The Parties submit their Settlement Agreement for review and approval by the Court in this case. This Agreement is "a fair and reasonable solution to a bona fide dispute." *Id.* at 1354. The parties note that the Court has already conducted a fairness hearing, has considered the terms of the settlement agreement announced on the record in open Court, including the amount to be received by the Plaintiff and the attorney's fees and costs to be received by counsel and has determined that the settlement is a fair and equitable resolution of a bona fide dispute over FLSA provisions.

4. The attorney's fees and costs concerning the above-styled action have been negotiated and will be paid *separately* from Plaintiff's recovery. Defendants have agreed to pay the attorneys' fees and costs as set forth in the Agreement as full satisfaction of all of Plaintiff's attorneys' fees and costs in this matter. Plaintiff's attorneys have agreed to a compromise of fees owed to Plaintiff's counsel and Plaintiff and Defendants have no further obligation to Plaintiff's counsel for any additional attorneys' fees and costs in this matter. At the fairness hearing, the Court

held that that the amount to be recovered by Saenz & Anderson, PLLC in attorney's fees and costs is fair and reasonable,

5. The Parties jointly stipulate to the dismissal of all claims in this Action *with prejudice* such that upon the Court's approval of the resolution of Plaintiff's FLSA claim, a Final Order of Dismissal *with Prejudice* be entered. The parties further request that the Court reserve jurisdiction to enforce the terms of the settlement, should such enforcement be necessary.

## **MEMORANDUM OF LAW**

6. In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1350. To approve the settlement, the court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id*. at 1354. If the settlement meets the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.*; *see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

7. Here, the parties agree that the attached settlement terms represent a fair and equitable resolution of this matter. Indeed, Defendants have agreed to pay compensation to Plaintiff, together with attorneys' fees and costs, even though the Defendants dispute that Plaintiff is entitled to any relief. For these reasons set forth above, in addition to the fact that the Parties were represented by competent counsel having experience in FLSA claims, the Agreement is reasonable, and respectfully, this Court should approve the settlement.

**[SPACE INTENTIONALLY LEFT BLANK]**

WHEREFORE, the Parties respectfully request that the Court enter the Order (1) approving the terms of the settlements of Plaintiff's claims and this Action; (2) dismissing this Action with prejudice; (3) retaining jurisdiction to enforce the terms of the settlement; and (4) granting the parties such further relief as the Court deems just.

Dated: January 4, 2021                           Respectfully submitted,

| **Yadhira Ramírez-Toro** | **Nathaly Saavedra** |
|---|---|
| Yadhira Ramírez-Toro, Esq. | Nathaly Saavedra, Esq. |
| Florida Bar Number: 120506 | Fla. Bar No. 118315 |
| E-mail: yramirez@saenzanderson.com | Email: nathaly@peregonza.com |
| SAENZ & ANDERSON, PLLC | **PEREGONZA THE ATTORNEYS, PLLC** |
| 20900 NE 30th Avenue, Ste. 800 | 1414 NW 107th Ave, |
| Aventura, Florida 33180 | Suite 302 |
| Telephone: (305) 503-5131 | Doral, FL 33172 |
| Attorneys for Plaintiff | Tel. (786) 650-0202 |
|  | Fax. (786) 650-0200 |
|  | Attorney for Defendants |