## SETTLEMENT AGREEMENT, WAIVER, AND RELEASE

This Settlement Agreement, Waiver, and Release ("Agreement") is made between JENIFER GUTIERREZ-ZAPATA (hereinafter referred to as "Plaintiff," a term which includes Plaintiff's successors, assigns, beneficiaries, personal representatives, and heirs) and, CLICK MAIL CORP., DIEGO FERREIRA and LINDA FERREIRA (hereinafter referred to as "Defendants," or "Releasees" a term which includes each and every officer, director, employee, agent, parent corporation or subsidiary, affiliate or division, their successors, assigns, beneficiaries, servants, legal representatives, insurers and heirs) (collectively "the Parties").

## RECITALS

WHEREAS, Plaintiff and Defendants, without any admission of liability or damages, mutually desire to settle their differences with finality and seek to extinguish and release any and all suits, claims, demands, or rights, known or unknown, which might have been asserted by Plaintiff as set forth below.

NOW, THEREFORE, in consideration of the mutual promises and agreements set out herein, Plaintiff and Defendants agree as follows:

1. <u>Consideration Paid To Plaintiff</u>: In consideration for execution of this Agreement, and for not only the dismissal with prejudice of the lawsuit *case No. 1:20-CV-24158-UU* pending in the United States District Court for the Southern District of Florida ("SDFL action") but also the Plaintiff's relinquishment and withdrawal of all other claims, pending or potential, against the Defendants, each party to bear its own fees and costs except as described herein, Defendants agree to pay the amount described herein. The Plaintiff warrants that no other charges or complaints have been filed related to her employment with the Defendants but agrees that either way all claims related to her employment are relinquished. Plaintiff further agrees and acknowledges that Defendant's obligations pursuant to this Agreement do not arise until Plaintiff executes this Agreement and it is approved by the Court.

In exchange for the consideration from Plaintiff in this Agreement, Defendants agree to pay the total sum of Four Thousand Five Hundred (4,500.00) Dollars which is to be broken down as follows: (a) Plaintiff shall receive One Thousand Eight Hundred and Thirty (1,830) Dollars and (b) Plaintiff's counsel shall receive Two Thousand Six Hundred and Seventy (2,670) Dollars representing attorney's fees in the amount of $1,800.00 and $870.00 in costs and expenses, that shall be documented on an IRS Form 1099. In addition, from the amount to be received by Plaintiff, $915.00 shall be apportioned to all claimed back pay and wages less applicable withholdings, representing payments for alleged lost wages, made payable to Plaintiff and documented on a Form W-2 issued to Plaintiff; and the amount of $915.00 shall be apportioned for liquidated damages to be reported on an IRS Form 1099 issued to Plaintiff, subject to no withholdings. All of these amounts will be paid to Plaintiff and her counsel as follows:

A payment for $4,500 due on or before 10 calendar days from the date of entry of the Order approving settlement and dismissing the case with prejudice, payable to Plaintiff's counsel Trust Account: "Saenz & Anderson PLLC IOLTA", ACH Routing No. 063107513, Wire Routing No.: 121000248, Account No. 5913993019.

All funds are to remain in Plaintiff's counsel trust account until the Court enters an order

approving the settlement and dismissing the case with prejudice. The parties note that the Court has already conducted a fairness hearing, has considered the terms of the settlement agreement announced on the record in open Court, including the amount to be received by the plaintiff and the attorney's fees and costs to be received by counsel and has determined that the settlement is a fair and equitable resolution of a bona fide dispute over FLSA provisions.

In the event Defendants shall fail to make any payment (either to Plaintiff or to her attorneys) when due as expressly stated, Plaintiff and her attorneys shall provide written notice of the breach to Defendants' counsel, and Defendants will have FIVE (5) business days to cure. If breach is not cured during the FIVE (5) business day cure period, Plaintiff will be entitled to obtain an automatic judgment (jointly and severally) for the entire unpaid balance of the settlement sum, plus $20,000 representing liquidated damages, or (at Plaintiff's choice), reinstatement of the cause of action to the Court's docket to proceed to trial. In other words, the settlement agreement becomes null and void, the defendants agree to toll the time of Plaintiff's causes of action, and then Plaintiff requests the court to reinstate the action, or files a new action with the same causes of action in the latest amended complaint.

The Defendants' cure period, shall be triggered by written notice of default to the following person via email or any other type of correspondence:

Nathaly Saavedra, Esq.
**PEREGONZA THE ATTORNEYS, PLLC**
1414 NW 107th Ave, Suite 302
Doral, FL 33172
Tel.	(786) 650-0202
Fax.	(786) 650-0200
Email: office@peregonza.com
Email: nathaly@peregonza.com

2. <u>Tax Liability:</u> Plaintiff will indemnify and hold Defendants, their directors, agents, legal counsel, insurers and other professional advisors harmless to the full extent allowed by law or equity, against all claims, damages, penalties, or actions to which Defendants may become subject, related to the taxation or deductions from the amounts being paid in connection with this Agreement including the withholding of payroll taxes.

3. <u>Exclusive Authority:</u> Plaintiff represents and warrants that no person other than herself had or has any claims to any interest in the subject matter of her allegations against Defendants; that she has the sole right and exclusive authority to execute this Agreement; and that she has not sold, assigned, transferred, conveyed or otherwise disposed of any claim or demand relating to any matter covered by this Agreement, except as may relate to her fee agreement with her attorneys.

4. <u>No Admission of Liability</u>: Plaintiff acknowledges that Defendants deny any liability whatsoever with respect to the claims made by Plaintiff. In accepting payment in consideration for this Agreement, Plaintiff agrees that such payment is tendered and accepted to resolve all her pending issues with Defendants, and that this will not be construed as an admission by Defendants of any violation of contract, duty, law, ordinance, regulation or any other theory of relief, whether under any federal, state or local law.

5. <u>Releases.</u>  Based on the consideration described above, which Plaintiff agrees is sufficient consideration to which Plaintiff is not otherwise entitled, Plaintiff hereby fully and finally releases and discharges Releasees from any and all claims, demands, rights, damages, costs, losses, suits, actions, causes of action, attorneys' fees, expenses, salary, stock options, commissions, bonuses, wages, overtime or any sums of any nature whatsoever, in law or in equity, known or unknown, arising from or by reason of any matter, act, omission, cause or thing whatsoever, whether known or unknown, foreseen or unforeseen, including without limitation: any and all claims by or on behalf of Plaintiff that Releasees have ever committed any statutory violation or other wrong with respect to Plaintiff insofar as such claims have or could have been asserted by Plaintiff; any and all claims of other liability or damage of any nature whatsoever which have arisen or might have arisen from any alleged acts, omissions, events, circumstances or conditions related to Plaintiff's alleged employment with and/or separation from Releasees including but not limited to claims for breach of contract, commissions, overtime pay and/or any fact or occurrence up through the date of this agreement, including any alleged acts of harassment, discrimination or retaliation by Releasees; age discrimination, workers' compensation retaliation, intentional infliction of emotional distress, constructive discharge, wage and hour, assault and battery and any other tort (including, but not limited to, any and all claims of negligent hiring, retention and/or supervision, intentional or negligent invasion of privacy, defamation, compelled defamation, intentional or negligent infliction of emotional harm, libel, slander, invasion of privacy or violations of public policy), any and all legal restrictions on Releasees' right to terminate employees, or any federal, state or other governmental statute, regulation or ordinance, including any and all claims for monetary recovery, including past or future lost wages, mental anguish, pain and suffering, any liquidated, compensatory or punitive damages and attorneys' fees, expenses and interest; and any and all claims whatsoever asserted by Plaintiff against Releasees and for or on account of any matter or thing whatsoever occurring up to and including the date of execution of this Agreement.  The statutory claims released by this Settlement Agreement include, but are not limited to, claims brought under:

- Title VII of the Civil Rights Act of 1964, as amended in 1991;
- Section 1981;
- The Florida Civil Rights Act;
- The Equal Pay Act;
- The Employee Retirement Income Security Act ("ERISA");
- The Age Discrimination in Employment Act;
- The Older Worker Benefit Protection Act;
- The Fair Labor Standards Act;

- The Americans With Disabilities Act;
- The Family and Medical Leave Act;
- The National Labor Relations Act;
- The Fair Credit Reporting Act;
- The Immigration Reform Control Act;
- Executive Order 11246;
- OSHA;
- The Uniformed Services Employment and Reemployment Rights Act;
- The Worker Adjustment and Retraining Notification Act;
- The Employee Polygraph Protection Act;
- The Electronic Communication Privacy Act;
- The Computer Fraud & Abuse Act;
- The Health Insurance Portability & Accountability Act of 1996; and
- Any state or federal anti-discrimination, consumer protection and/or trade practices act.

Plaintiff represents and warrants that Plaintiff has not and will not assign Plaintiff's interest in any of Plaintiff's asserted claims or any unasserted claims against Releasees to anyone. Plaintiff further releases Releasees from any duties or obligation to indemnify Plaintiff for any fees, costs, and/or damages Plaintiff has incurred or may incur in the future based upon events that occur up to the date this Agreement was signed, except as otherwise required by law. Plaintiff fully understands that this Agreement includes any and all claims related in any manner to Plaintiff's employment or the cessation of that employment except where specifically excluded. *Thus, this Agreement constitutes a full and final bar to any and all claims of any type that Plaintiff may have against Defendants, whether known or unknown.* Notwithstanding the above, Plaintiff acknowledges that she is not releasing: any rights or claims that may arise after this Agreement is signed; any rights or claims that by law cannot be released in this Agreement; or any rights or claims to enforce this Agreement.

Similarly, Defendants knowingly and voluntarily do hereby fully and generally release and waive any and all claims and actions against Plaintiff, including but not limited to, claims arising out of Plaintiff's employment or relationship with Defendants, that Defendants may now have against Plaintiff regardless of whether the claims are known or unknown, accrued or unaccrued, or discovered or not yet discovered. This full and general release and waiver includes, but is not limited to, all events, actions, and inactions of Plaintiff's or any of Plaintiff's agents or representatives. This Agreement bars any claim or demand for loss or damages of any kind, including costs, attorneys' fees or other expenses. However, this Agreement does not waive rights or claims that may arise after the date the waiver is executed. *Thus, this Agreement constitutes a full and final bar to any and all claims of any type that Defendants may have against Plaintiff.*

6. <u>No Re-employment.</u>  Plaintiff expressly agrees that Plaintiff will not be eligible for future employment or other contractual relationship in any position with any Releasee, nor will Plaintiff seek or apply for such employment or contractual relationship, and Plaintiff represents and warrants that Plaintiff will not knowingly apply for or otherwise seek future employment or

4

other contractual relationship with any Releasee. If Plaintiff is hired by any Releasee, or Plaintiff enters into a contractual relationship with any Releasee, this Agreement and General Release shall be sufficient to terminate Plaintiff. Plaintiff agrees that the limitations in this section on Plaintiff's future employment and contractual rights are fair and just under all of the relevant facts and circumstances, including the highly contested disputes between Plaintiff and Releasees.

7. <u>Agreement as Complete Defense.</u>  The parties understand that this Agreement, and the releases it contains, is a complete defense to any claim or entitlement which Plaintiff may hereinafter assert against Releasees in any suit or claim for or on account of any matter or thing whatsoever occurring up to and including the date the Agreement is signed by both parties.

8. <u>No Disparagement (mutual).</u>  Plaintiff agrees not to make any disparaging statements concerning Releasees, its/their products or services and Individual Defendants agree not to disparage Plaintiff to any person or entity.

9. <u>Affirmations</u>.  To the extent Plaintiff may be classified as nonexempt, is later deemed nonexempt, or later claims Plaintiff should have been classified as nonexempt, Plaintiff affirms that Plaintiff has reported all hours worked as of the date of this Agreement and has been paid and/or has received all leave (paid or unpaid), compensation, regular wages, bonuses, commissions, vacation pay, shares, stock options and/or benefits to which Plaintiff may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions and/or benefits are due to Plaintiff. Plaintiff furthermore affirms that Plaintiff has no known workplace injuries or occupational diseases. Plaintiff further affirms Plaintiff has not complained of and is not aware of any fraudulent activity or any act(s) which would form the basis of a claim of fraudulent or illegal activity of Releasees.

10. <u>No Admission of Liability.</u>  This Agreement shall not in any way be constructed as an admission by Releasees that they have acted wrongfully with respect to Plaintiff or any other person or employee, or that Plaintiff has any rights whatsoever against Releasees. Releasees specifically disclaim any liability to or wrongful acts against Plaintiff. It is fully understood and agreed that each party shall pay that party's own attorney's fees and costs except as otherwise provided herein.

11. <u>Severability.</u> The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other provisions shall remain fully valid and enforceable.

12. <u>Consideration.</u>  The undersigned Plaintiff shall affirm that the only consideration for Plaintiff signing this Agreement are the consideration and terms stated herein; that no other promise or agreement of any kind has been made to Plaintiff by any person or entity whomsoever to cause Plaintiff to execute this instrument; and that Plaintiff fully understands the meaning and intent of the release set forth in this Agreement, including but not limited to its final and binding effect. Plaintiff further affirms that Plaintiff is not otherwise entitled to the consideration provided under this Agreement.

13. <u>Return of Property.</u>  Plaintiff agrees and acknowledges that she has already returned all documents, tangible things and/or all other items Plaintiff has received or obtained from Releasees and/or property of Releasees including but not limited to keys, security cards, equipment, documents, supplies, customer lists, customer information, confidential documents, etc., Plaintiff received from any other source.

14. **<u>Time to Consider Agreement.</u>  Plaintiff states that she has carefully read this Agreement and knows and understands its contents and that Plaintiff executes this Agreement as her own free act and deed and enters into this Agreement knowingly and voluntarily.  Plaintiff understands that she may take as long as 21 calendar days to decide whether to sign this Agreement. Plaintiff's execution of this Agreement before the expiration of that period will constitute her representation and warranty that she has decided that she does not need any additional time to decide whether to execute it.  Plaintiff further agrees that any changes, if any, which may be made to the original version of this Agreement by mutual agreement of the parties are not significant and will not re-start the twenty-one (21) day period set forth within this Section 14.**

**Plaintiff acknowledges and agrees that Plaintiff has been given the opportunity to consider this Agreement for a reasonable period of time and has been given the opportunity to review this Agreement with counsel of Plaintiff 's choosing.**

15.   <u>Amendment.</u>   This Agreement may not be modified except upon express written consent of both parties wherein specific reference is made to this Agreement.

16.  <u>Entire Agreement.</u>  This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties.  Plaintiff also acknowledges that Plaintiff has not relied on any representation, promises, or agreements of any kind made in connection with the decision to sign this Agreement, except for those set forth in this Agreement.

17.  <u>Breach of Agreement.</u>   In the event any of the parties breaches this Agreement, the other party may institute an action to specifically enforce the terms of this Agreement, in addition to any other legal or equitable relief permitted by law and/or by this Agreement.  The parties agree that the Court specifically shall reserve the right to award attorney's fees to the prevailing party for the enforcement of the settlement agreement.

18. <u>Applicable Law.</u>  This Agreement is made and entered into in the state of Florida, and shall in all respects be interpreted, enforced, and governed by and under the laws of the state of Florida. The parties hereto acknowledge that this Agreement is a collaborative effort by the attorneys for the parties and that, as such, no provision of this Agreement shall be more strictly construed against one party as the draftsperson thereof.

19. <u>Litigation of Disputes</u>.  In the event of a dispute as to the interpretation, enforcement, application or violation of this Agreement, it is understood and agreed that the instant Court shall retain jurisdiction to resolve such dispute.  In fact, the parties explicitly agree that this Agreement is contingent upon the Court retaining jurisdiction to enforce the terms of this Agreement. The Court will retain jurisdiction until all the terms of the Agreement have been satisfied. In addition, the Parties specifically agree that the prevailing party in a dispute to enforce and/or interpret this Agreement shall recover her/its reasonable attorneys' fees and costs related to the enforcement and/or interpretation of this Agreement from the non-prevailing party (including fees to litigate such recovery).

20. <u>Neutral Employment References</u>. Employee agrees that she shall direct all prospective employers who request an employment reference to submit their request to Victoria Herran at (305)665-4418.  It is expressly understood that Defendants are not obligated to respond to any prospective employer who requests an employment reference to anyone else. Defendants, upon request of a potential employer, will simply confirm dates of employment, salary, and position(s) for Plaintiff.

21. Plaintiff acknowledges and certifies that Plaintiff:

    a)    has read and understands all of the terms of this Agreement and does not rely on any representation or statement, written or oral, not set forth in this Agreement; and

    b)    has had a reasonable period of time to consider this Agreement.

22. This Agreement is in English and all terms are understood by or have been fully translated to the Plaintiff.  By signing below, I, JENIFER GUTIERREZ-ZAPATA, accept and agree to the terms of the settlement agreement.

23. <u>Counterparts</u>:  This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement.  A pdf format copy of this Agreement and/or fax copy and signatures thereto shall be deemed to be an original.

**[SPACE INTENTIONALLY LEFT BLANK]**

**Este acuerdo está en inglés y todos los términos son entendidos o han sido completamente traducidos a la demandante. Al firmar a continuación, yo, JENIFER GUTIERREZ-ZAPATA, entiendo y acepto los términos del acuerdo de transacción.**

By:

### PLAINTIFF

JENIFER GUTIERREZ-ZAPATA

_Jenifer Gutierrez zapat (Dec 30, 2020 13:41 EST)_            December 30, 2020

Signature            Date

### DEFENDANTS

CLICK MAIL CORP.

By: _____

           (Date)

Title: _____

DIEGO FERREIRA

_____            _____

Signature            Date

8

**Este acuerdo está en inglés y todos los términos son entendidos o han sido completamente traducidos a la demandante. Al firmar a continuación, yo, JENIFER GUTIERREZ-ZAPATA, entiendo y acepto los términos del acuerdo de transacción.**

By:

**PLAINTIFF**

JENIFER GUTIERREZ-ZAPATA

_____           _____
Signature                                                                                                    Date

**DEFENDANTS**

CLICK MAIL CORP.

By: *Diego Camilo Ferreira*                                                   12/30/2020
_____
                                                                                                   (Date)

Title: PRESIDENT
           _____

DIEGO FERREIRA

*Diego Camilo Ferreira*                                                        12/30/2020
_____                   _____
Signature                                                                                                    Date

8

LINDA FERREIRA

*Linda Ferreira*

Signature

12/30/2020

Date